Reese J.
delivered the opinion of the court.
The plaintiff in error, a wholesale and commission Grocer in the town of Knoxville, purposing to purchase and have forwarded to that place from New Orleans and from the eastern cities, by the way of New Orleans and up the Tennessee river, a considerable amount of merchandise in his line, sold to Reese, Ferrie and Banks, who were the lessees of the Tuscumbia and Decatur railroad, and forwarding agents for all persons engaged in trade above, the steamer Guide, of which he had been former owner, and stipulated with, and directed Reese, Ferrie and Banks that the price of said steamer should be paid by their advancing on behalf of said White the charges upon his merchandise for freights, storage, &c. below and above Decatur. He also informed Hugh L. McClung, one of the owners of the steamer Hark-Away, of this arrangement with Reese, Ferrie and Banks; and he made an agreement with said M’Clung to freight his goods' upon the Hark-Away. The defendant in error, Joseph Vann, was the owner of the steamer Holston, a boat which had been employed in transporting goods and passengers between Decatur and Knoxville, and intermediate points; but it was the intention of the owner, upon the first considerable rise in the Tennessee river, adequate to that purpose, to transfer it *73 below the Muscle Shoals and employ it in business there.— The master of this boat, Chapman, ignorant of the state of accounts, or of any special agreement between White and Reese, Ferrie and Banks, and ignorant also, of any special contract between White and the owners of the Hark-Away, to transport his goods, applied to Reese, Ferrie and Banks for goods to ship to Knoxville, and among other goods for those of White. The clerk of Reese, Ferrie and Banks refused to deliver to him the goods, unless he would pay the charges which there existed against him for freight, storage, &c.— This he paid to Reese, Ferrie and Banks, received the goods and a bill of lading thereof in which such charges and payments were stated, and delivered the goods safely to the clerk of White in Knoxville. White paid to Vann the freight from Decatur to Knoxville but refused to pay advances made by Vann for pre-existing charges. To recover these, this action is brought. It was proved in the case by several enlightened merchants and well informed owners of steamboats that it is the long and well established custom and usage of trade, not only on the Tennessee river, but throughout the United States, for freighters of goods to advance to the forwarding agents the existing charges upon them, which the consignees and owners are liable to refund; that this usage is indispensable to the successful prosecution of commercial operations and' of great and mutual advantage to all parties. The position of Reese, Ferrie and Banks as lessees of the Tuscumbia and Decatur railroad, made them necessarily and exclusively the general agents of all the owners of merchandise shipped from that point to any point above; and 'moreover, it is in proof that they were the special agents of White to ship his goods. When, therefore, they shipped White’s goods upon the terms proved, those terms bound White. The private arrangements between White and his agents and the private instructions given to them, cannot on well settled principles affect the rights of Vann. See Skipwith vs. Walker, Meigs 502. If indeed Vann or his agents had known, or had good reason to believe the fact that White had previously paid these charges, then, indeed, Vann ought not to recover; and this the circuit court charged the jury. *74 The verdict which was rendered is sustained by the evidence in the record, and there is no error in the opinion or action of the court.
The judgment, therefore, must be affirmed.